FILED
SUPERIOR COURT
OF GUAM

2018 FEB 21  PM 2:00

CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| KOBANA, INC., A Guam Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KWIKSPACE GUAM, INC., A Guam Corporation,<br><br>Defendant. | Superior Court Case No. CV0081-15; CV1066-17<br><br>**DECISION AND ORDER**<br><br>re<br><br>**MOTION FOR CONSOLIDATION AND MOTION FOR LEAVE TO DEPOSE NAOMI COLE IN HAWAI'I** |

The Court considers Plaintiff Kobana, Inc.'s motion to consolidate two cases involving the same parties: CV0081-15 and CV1066-17.[1] Finding consolidation appropriate, the Court GRANTS the Motion for Consolidation. The Court also GRANTS Kobana, Inc.'s Motion for Leave to Depose Naomi Cole in Hawaii as to CV1066-17 and DENIES it as to CV0081-15. The Court defers at present what prejudice, if any, results from Kobana, Inc.'s use of Cole's deposition in CV0081-15.

## I.  PROCEDURAL BACKGROUND

1. On January 29, 2015, Kobana, Inc. initiated CV0081-15, which sought a declaration that voided two leases between Defendant Kwikspace Guam, Inc. and Royal Corporation.

2. In CV0081-15, the parties agreed to cut off discovery by July 31, 2015. CV0081-15 Discovery Plan (Mar. 20, 2015).

---

[1] The Law Offices of Wayson Wong represent Kobana, Inc.; Blair Sterling Johnson & Martinez represent Kwikspace.

**ORIGINAL**

3. On January 7, 2016, the Court issued a Decision and Order which consolidated CV0081-15 with *Kobana et al. v. Yokozeki et al.*, CV0039-13, and stayed CV0081-15 pending the resolution of CV0039-13.

4. On November 3, 2016, the parties settled CV0039-13. *See* CV0081-15 Mem. P. & A. for Pl. Kobana, Inc.'s Mot. Lift Stay and Proceed With This Case, Ex. 1 (Nov. 3, 2016).

5. On September 12, 2017, the Court lifted the stay in CV0081-15. The Court later set a trial date of May 14, 2018. *See* CV0081-15 Order Setting Case Schedule (Jan. 22, 2018).

6. On October 18, 2017, Kobana, Inc. notified the Court of a newly filed action, *Kobana, Inc. v. Kwikspace*, CV1066-17. This new lawsuit seeks a determination voiding the two leases between Kwikspace and Royal, and an order compelling Kwikspace to vacate the properties.

7. In CV1066-17, the parties jointly submitted a Proposed Scheduling Order whereby discovery would cease by May 14, 2018. CV1066-17 Proposed Sched. Order (submitted Jan. 2, 2018).

8. On January 31, 2018, Kobana, Inc. moved the Court to consolidate CV0081-15 and CV1066-17, and also to allow Kobana, Inc. to depose Cole in CV0081-15.

## II.    LAW AND ANALYSIS

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." GRCP 42(a). Claims and issues sharing common

ORIGINAL

aspects of law or fact may be consolidated to avoid unnecessary cost or delay. *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* at 551.

Without question, CV0081-15 and CV1066-17 involve the same plaintiff and the same defendant and rely on the same set of facts. In both lawsuits, Kobana, Inc. alleges that its former shareholder and director, David Yokozeki, transferred Kobana Inc.'s properties to Royal without authorization.[2] Also in both cases, Kobana, Inc. alleges that Kwikspace entered into lease agreements with Royal and now occupies the properties.[3]

The two cases also present common questions of law. Both lawsuits seek declarations from the Court that void the lease agreements between Royal and Kwikspace. Further, in CV1066-17 Kobana seeks an order to compel Kwikspace to vacate the property within 30 days.

Given these common questions of fact and law and the common identity of the parties and their counsel in these two cases, consolidation appears to be appropriate. A consolidated trial will handle the common evidence, facts, and legal issues in one proceeding, rather than two, saving the Court and the parties time, cost, and resources.

The Court further considers whether Kwikspace suffers any inconvenience or prejudice which outweigh the conservation of resources. Kwikspace insists on the May 14, 2018 trial in CV0081-15. The Court finds, however, that an unduly extended delay will not occur under a consolidated trial. In CV1066-17, the parties jointly agreed that a short three to four month period of discovery sufficed. The parties have also been free to conduct discovery since December 27, 2017, when they held their Rule 26(f) conference. GRCP 26(d). The Court finds

---

[2] CV0081-15 Compl. ¶¶ 13, 15, 25, 30, 31, 51, 80, 83; CV1066-17 Compl. ¶¶ 13, 15, 26, 28, 29, 30, 29 (second numbered "29"), 35, 39, 40, 41.
[3] CV0081-15 Compl. ¶¶ 51, 55, 63, 68-69, 71, 75, 77, 109, 115; CV1066-17 Compl. ¶¶ 29, 31, 37.

ORIGINAL

that allowing a three-month discovery period does not unduly delay the trial in CV0081-15. The Court will schedule trial no greater than six months after a three-month period of discovery.

Consolidation will also benefit Kwikspace in that it will save the costs of a second trial. Rather than calling the same witnesses to testify a second time, all evidence pertinent to both cases can be received and adjudicated at one time. Legal fees will also be reduced as the attorneys need only prepare for one trial. Even further, the Court's time and resources will be efficiently served in hearing all relevant evidence at once.

Therefore, finding consolidation best serves the interest of justice, the Court consolidates these cases for trial.

## III.    DEPOSITION OF NAOMI COLE

"A deadline established by a Scheduling Order may be extended only upon a good cause finding by the Court." CVR 16.5; GRCP 16(b)(4). A party demonstrates good cause by demonstrating that even with the exercise of due diligence, they cannot meet a Scheduling Order's deadline. *Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992).

The Court finds that Kobana, Inc. failed to exercise due diligence in seeking to depose Cole in CV0081-15. Despite mentioning Cole no less than six times in its Complaint,[4] Kobana, Inc.'s counsel claims that he did not believe he needed to depose Cole before the discovery cutoff. He asserts that after he took Mr. Kobana's deposition after the discovery cutoff, he realized he needed testimony from Cole. Although Kobana's counsel claims that settlement discussions caused further delay of Cole's deposition, the Court looks to the original delay, that is, failing to take the deposition before the cutoff date. A party which affirmatively fails to conduct discovery within the allotted period runs the risk of such discovery being inadmissible.

---

[4] CV0081-15 Compl. ¶¶ 13, 17, 18, 21, 26-27.

ORIGINAL

Kobana, Inc. had the ability to meet the Scheduling Order deadline in deposing Cole but forfeited the opportunity. When Kobana, Inc. chose not to depose Cole, its decision had nothing to do with exercising due diligence.

Absent a good cause showing, Kobana, Inc. cannot utilize Cole's deposition in CV0081-15. However, this is complicated by the fact that, on the one hand, a consolidated trial is warranted as there are common issues of law and fact, common parties, and a need to conserve judicial resources, but on the other hand, Kobana, Inc. is entitled to depose Cole in CV1066-17.

For a few reasons, the merits of consolidation outweigh concerns of prejudice against Kwikspace due to a single deposition. First, Kobana, Inc. is limited in how it can use Cole's deposition. Two major players and witnesses in these two cases - Kiyoharu Kobana and Yokozeki - have passed away. Kobana, Inc. cannot alter their transcribed testimony based on information obtained from Cole.

Second, the Court can address prejudice at trial in different ways depending on whether the cases are tried before a jury. The Court first notes that Kobana, Inc. demanded a jury in CV0081-15, but not in CV1066-17. In a consolidated trial, a jury can be shielded from hearing any of Cole's testimony or further discovered information resulting from Cole's deposition.[5] Instead, the Court (and not a jury) can consider Cole's testimony with respect to CV1066-17 only.

Prejudice further decreases if neither case comes before a jury. Kobana, Inc. indicated a potential waiver of a jury trial in CV0081-15. Additionally, the Court questions whether Kobana, Inc. is even entitled to a jury trial in CV0081-15. Although in CV0081-15, Kobana,

[5] The Court hesitates to issue a blanket ban of all of Cole's testimony at present until the parties have had a further chance to understand the extent of the prejudicial nature of Cole's deposition.

ORIGINAL

Inc. demanded a jury of six, Guam's Declaratory Relief law (7 GCA § 26801) does not require declaratory judgment actions to be tried before a jury. Moreover, in other jurisdictions, whether a declaratory relief action can be tried by a jury depends on their underlying cause of action. In this case, a declaratory relief action is most similar to a quiet title actions, and such cases fall under equitable actions not entitled to be heard by a jury. *See Caira v. Offner*, 24 Cal. Rptr. 3d 233, 242 (Ct. App. 2005) (no right to a jury for declaratory or quiet title actions).

Unlike a jury, a judge is recognized as having a keen ability to weigh whether evidence is prejudicial. This principle is frequently recognized in Rule of Evidence 403 questions. The general rule is that in a bench trial, a Rule 403 motion is improper. "For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences." *Schultz v. Butcher,* 24 F.3d 626, 632 (4th Cir. 1994).

The same holds true for evidence that is prejudicial due to untimely discovery. If the Court acts as the fact finder in both cases, it can more easily determine the prejudicial value of untimely discovered information and filter out evidence that prejudices Kwikspace because Kobana, Inc. failed to act within the discovery period. In other words, there is less of a risk of prejudice under a consolidated, non-jury trial.

Based on these reasons, the Court sees little advantage in keeping the cases separate just because Kobana, Inc. can take Cole's deposition in CV1066-17. Instead, the better route is to save the cost of two trials involving the same parties, attorneys, issues, and facts, and to take measures to limit any prejudicial effect.

In conclusion, Kobana, Inc. is entitled to depose Cole in CV1066-17. Since Cole, a non-party witness, resides in Hawai'i, it is proper that her deposition occur there. *See* GRCP 45(c) (parties must avoid undue burden on persons subject to subpoena). Kobana, Inc. may



submit a subpoena to be signed by this Court for enforcement in the State of Hawai'i. However, the Court finds that Kobana, Inc. failed to exercise good cause in deposing Cole for CV0081-15, and will assess at a later time what prejudice results from Cole's deposition and how to mitigate that prejudice with respect to the claims asserted in CV0081-15.

## IV.    CONCLUSION AND ORDER

In the interests of justice and efficiency, the motion to consolidate CV0081-15 and CV1066-17 is hereby GRANTED. The lead case will be CV0081-15. All filings relevant to both cases shall hereafter be made in CV0081-15.

Kobana Inc.'s Motion for Leave to Depose Naomi Cole in Hawaii is also hereby GRANTED as to CV1066-17 and DENIED as to CV0081-15.

The Court sets a Scheduling Conference in CV1066-17 for 28 February 2018, at 9:30 a.m.

SO ORDERED this 21st day of February 2018.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Nong, B.SJM

Date 2/21/18  Time: 230 pm
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam

ORIGINAL